IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN | ) |
|         Plaintiff | ) Civil Action |
| | ) 06-CV-01760 |
| vs. | ) |
| DAVID DI GUGLIELMO, | ) |
| THE DISTRICT ATTORNEY OF THE | ) |
|   COUNTY OF DELAWARE, and | ) |
| THE ATTORNEY GENERAL OF THE STATE | ) |
|   OF PENNSYLVANIA | ) |
|         Defendants | ) |

FILED
AUG 30 2007
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

O R D E R

NOW, this 29th day of August, 2007, upon consideration of the pro se Petition for Writ of Habeas Corpus (docket entry number 1), which petition was filed on April 26, 2006; upon consideration of the Answer to Petition for Writ of Habeas Corpus Under 20 U.S.C. § 2254 (docket entry number 8), which answer was filed on August 15, 2006 by defendants; upon consideration of the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport (docket entry number 10), filed on August 30, 2006; it appearing after de novo review of this matter that Magistrate Judge Rapoport's Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief; upon consideration of Petitioner's Request for Order Requiring Respondent's to Provide Him Access to the Court's, Legal Property, and Legal Information (docket entry number 13), which request was filed on September 18, 2006; upon consideration of Petitioner's Request for Leave to Amend His

Petition for Habeas Corpus (docket entry number 14), which request was filed on November 7, 2006; upon consideration of Petitioner's Request for Expansion of the Record (docket entry number 15), which request was filed on November 7, 2006; upon consideration of Petitioner's Traverse to Respondents' Answer and Objections to Magistrate's Report and Recommendation (docket entry number 16), which traverse was filed on November 7, 2006,

<u>IT IS ORDERED</u> that Magistrate Judge Rapoport's Report and Recommendation is approved and adopted.

<u>IT IS FURTHER ORDERED</u> that petitioner's objections to Magistrate Judge Rapoport's Report and Recommendation contained within Petitioner's Traverse to Respondents' Answer and Objections to Magistrate's Report and Recommendation are overruled.[1]

---

[1]  When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections.  28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.  Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge.  <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).  Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge.  <u>Raddatz</u>, <u>supra</u>.

Petitioner raises three objections:  First, petitioner asserts that his claim is meritorious.  Second, petitioner argues that his claim should be considered as timely filed.  Third, petitioner avers that the report and recommendation is "bias and based on [Magistrate Judge Rapoport's] political beliefs, not the law."

(<u>Footnote 1 continued</u>):

IT IS FURTHER ORDERED that the pro se petition for habeas corpus relief is dismissed without a hearing.

IT IS FURTHER ORDERED that because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied.

IT IS FURTHER ORDERED that Petitioner's Request for Order Requiring Respondent's to Provide Him Access to the Court's, Legal Property, and Legal Information is denied.[2]

IT IS FURTHER ORDERED that Petitioner's Request for Leave to Amend His Petition for Habeas Corpus is denied.[3]

IT IS FURTHER ORDERED that Petitioner's Request for Expansion of the Record is denied.[4]

---

(Continuation of footnote 1):

I address petitioner's objections in reverse order.

I have reviewed the Report and Recommendation and see no basis for a claim of bias other than the fact that Magistrate Judge Rapoport recommends denying the petition. I also conclude that the Report and Recommendation correctly determined that petitioner's claims are time barred: Regarding petitioner's assertion that he diligently pursued his claim and should be afforded the relief of equitable tolling, I note that if a reasonable, diligent petitioner learned for the first time in February 2002 that his direct appeal was denied, he would have sought to protect his claims in this court before March 24, 2006. Because petitioner's claims are time barred, I cannot legally reach the merits of his claims.

Accordingly, I approve and adopt Magistrate Judge Rapoport's Report and Recommendation and overrule petitioner's objections to the Report and Recommendation.

[2]  Because I have determined that petitioner's claim is time barred and I cannot adjudicate the merits of his claim, I deny his request.

[3]  Because I have determined that petitioner's claim is time barred and I cannot adjudicate the merits of his claim, I deny his request.

[4]  Because I have determined that petitioner's claim is time barred and I cannot adjudicate the merits of his claim, I deny his motion.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:

*/s/ James Knoll Gardner*
James Knoll Gardner
United States District Judge